UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SANDRA M. RATLIFF,<br><br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES MANAGEMENT PARTNERS, LLC,<br><br>    Defendant. | Case No. 6:21-cv-01221 |

**NOW COMES** SANDRA M. RATLIFF ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of Defendant RECEIVABLES MANAGEMENT PARTNERS, LLC, ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Sandra M. Ratliff ("Plaintiff") is a natural person, over 18-years-of-age, who currently resides in High Point, North Carolina.

6. Receivables Management Partners, LLC ("Defendant") maintains its principal place of business at 200 North New Road, Waco, Texas 76710-6932.

1

## **FACTUAL ALLEGATIONS**

7. In or around September 2020, Plaintiff received medical services from Wake Forest Baptist Health, incurring charges ("subject debt"). .

8. Due to unforeseen financial hardship, Plaintiff was unable to pay the subject debt resulting in her alleged default.

9. At some point thereafter, Defendant obtained the subject debt for collection purposes.

10. In early 2020, Plaintiff started receiving collection calls from Defendant regarding the subject debt.

11. In September 2021, Plaintiff advised Defendant that she was on disability and could not afford to make a payment.

12. During this phone call, Plaintiff also requested that Defendant stop contacting her.

13. Defendant confirmed that Plaintiff's name would be removed from its call list.

14. For some time, the phone calls stopped; however, Defendant restarted placing collection calls to Plaintiff in early October 2021.

15. After requesting that the collection phone calls cease, Plaintiff has received approximately 30 additional phone calls from Defendant attempting to collect the subject debt.

16. Despite Plaintiff's request that the collection calls cease, Defendant continued its collection calls from various phone numbers including but not limited to (855) 303-9286 and (254) 772-6111.

17. In addition to the collection calls, Plaintiff received a collection letter via written correspondence from Defendant ("Defendant's Letter") dated October 12, 2021.

18. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Coral Springs, Florida ("mail house").

19. Defendant disclosed to the mail house:

    i. Plaintiff's status as a debtor;

    ii. the subject debt amount;

    iii. Plaintiff's address; and

    iv. other highly personal and confidential pieces of information.

20. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from Florida to Plaintiff's residence in North Carolina.

21. Printed on Defendant's Letter were bar codes and QR codes.

22. Upon information and belief, the address belongs to the third-party vendor that prepared and mailed Defendant's Letter.

23. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third-party that Plaintiff allegedly owed the subject debt.

24. Information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt, was disclosed.

25. Privacy about one's financial affairs are considered of the upmost importance to people.

26. Privacy about one's medical affairs is highly guarded and disclosure of medical affairs to third parties is considered most egregious.

**DAMAGES**

27. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

28. The sending of an electronic file containing information about Plaintiff's subject debt to a mail house is therefore a communication.

29. Defendant's communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third party with the objective being communication with and motivation of the consumer to pay the subject debt.

30. Plaintiff never consented to having her personal and confidential information concerning the subject debt or otherwise be shared with anyone else.

31. In limiting disclosure to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Emphasis added).

32. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

33. Due to Defendant's communication to this mail house, information about Plaintiff, including her name, address, and the amount that was due were all within the possession of an unauthorized third party.

34. If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804

F.3d 740, 743 (6th Cir. 2015). *See also, Hunstein v. Preferred Collection & Management Services*, 994 F.3d 1341, 28 Fla. L. Weekly Fed. C 2756 (11th Cir. 2021).

35. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third party.

36. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third party has on consumers.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

39. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

40. Defendant is a "debt collector" as defined by §1692a(6) because it is a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

41. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

42. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

43.     Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

### a. Violations of FDCPA § 1692c

44.     Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

45.     As stated above, §1692c(b) of the FDCPA prohibits disclosure of certain information to third parties.

46.     As set forth above, Plaintiff requested that Defendant cease its collection calls to her cellular phone.

47.     Despite being notified that the collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

48.     Defendant violated §1692c(a)(1) by placing approximately 30 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

49.     In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

50.     Defendant violated §1692c(b) when it disclosed private and confidential information about Plaintiff's subject debt to the employees and agents of an unauthorized third-party mail house in connection with the collection of the subject debt.

      **b.  Violations of FDCPA §1692d**

51. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which it to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

52. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

53. Defendant violated §§1692d and d(5) by placing no less than 30 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the unwanted calls.

54. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

55. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that she no longer wished to be contacted on her cellular telephone.

56. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made a request that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff, SANDRA M. RATLIFF, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from continuing to contact Plaintiff;

c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: November 23, 2021                                                          Respectfully Submitted,

                                                                                  **SANDRA M. RATLIFF**

                                                                                  /s/ Marwan Rocco Daher
                                                                                  Marwan R. Daher, Esq.
                                                                                  *Counsel for Plaintiff*
                                                                                  Sulaiman Law Group, Ltd
                                                                                  2500 S Highland Ave, Suite 200
                                                                                  Lombard, IL 60148
                                                                                  Telephone: (630) 575-8181
                                                                                  mdaher@sulaimanlaw.com